IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR - 2 2001

RAY F. WYLIE, JR.

        Plaintiff,

vs.

WILLIAM CLINTON, Ex-President
of the United States; NATIONAL
DEMOCRATIC PARTY; STATE OF
NEW MEXICO DEMOCRATIC PARTY;
and BANK OF AMERICA,

        Defendants.

CLERK

CIVIL NO.   01-247 LFG

## MEMORANDUM OPINION AND ORDER
## GRANTING LIMITED WAIVER OF COSTS
## AND ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Ray F. Wylie, Jr. ("Wylie"), seeks the Court's order authorizing him to proceed with litigation without the payment of costs or fees. The federal *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes a court to waive these fees. The intent of this statute is to guarantee that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, `in any court of the United States' solely because . . . [lack of funds] makes it impossible for him to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S. Ct. 85, 90 (1948).

Wylie submitted an affidavit indicating that he is unemployed and that his only source of income is from social security benefits; he owns no real estate or significant assets; and that after payment of necessary living expenses, he is without funds sufficient to prosecute this litigation.

Based on Wylie's affidavit, the Court concludes that Wylie is indigent and the Court will authorize the filing of Wylie's complaint without the payment of a filing fee.

## *Sua Sponte* Analysis

While Congress removed the barriers to court process for indigents by enacting the *in forma pauperis* statute, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992). In response to this congressional concern, courts were specifically authorized to review and, where appropriate, to dismiss an *in forma pauperis* complaint "if the court determines . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2). Accordingly, the court may conduct a *sua sponte* review of a complaint pursuant to this section and may dismiss the complaint if it is patently obvious that the plaintiff cannot prevail on the facts alleged. Hall v. Belmon, 935 F.2d 1106, 1109 (10th Cir. 1991). However, if the defect in the pleading may be cured by appropriate amendments, the dismissal of the complaint should be without prejudice to the plaintiff filing another complaint with valid allegations.

In reviewing a *pro se* complaint, the court is to apply the same legal standards applicable to pleadings drafted by counsel, but the court remains mindful that a *pro se* complaint must be liberally construed. Northington v. Jackson, 973 F.2d 1518, 1520-1521 (10th Cir. 1992). It is with these standards in mind that the Court reviews Wylie's complaint.

## Insufficient Allegations of Federal Court Jurisdiction

Wylie invokes the Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. The first

2

statute, 28 U.S.C. § 1331, provides for federal question jurisdiction. The second statute, 28 U.S.C. § 1343(a)(3), establishes federal court jurisdiction "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; . . . ."

Wylie states that his complaint is filed pursuant to 42 U.S.C. § 1983, thus, he seeks to invoke federal jurisdiction. However, Wylie has not alleged any actions by any defendant under color of state law, nor has he described any conduct that would invoke protections under 42 U.S.C. § 1983.

Section 1983 may be invoked when a party satisfies two pleading elements: (1) "the plaintiff must allege that some person has deprived him of a federal right;" and (2) the plaintiff must allege "[t]hat the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923 (1980); West v. Atkins, 487 U.S. 42, 108 S. Ct. 2250 (1988). Here, Wylie names four defendants: President Clinton, the National Democratic Party, the New Mexico Democratic Party and the Bank of America. However, nothing in the complaint describes any specific conduct. Indeed, the allegations are vague, and for the most part, unintelligible. Wylie states in paragraph 2):

> Be working [sic] getting the Democratic Party to make good changes
> but they forgot to pay me and help the Biggest Thieves in the World.
> For destruction of our mother earth.

The only other allegation is against the Bank of America. Wylie alleges in paragraph 3.

> And Bank of American with whom as coarasion [sic] since I went
> under cover and need may [sic] funds for development.

There are no facts pled from which any defendant could reasonably discern what it is he or

3

it is alleged to have done.  It is fundamental to our civil justice system that a defendant be given notice of the claim so as to be able to gather relevant evidence and, if necessary, mount a defense to the charge.  Here, there are simply no factual allegations showing that any alleged act by President Clinton, or the National and State Democratic Parties caused any deprivation of a federal right, or that any Defendant acted under color of state law.  If Wylie's claims against the President relate to some act taken in an official capacity as the country's chief executive, they are not covered under Section 1983 because a federal official acts under color of federal law, not under color of state law.  Wheeldin v. Wheeler, 373 U.S. 647, 650 n. 2, 83 S. Ct. 1441, 1444 n.2 (1963);  District of Columbia v. Carter, 409 U.S. 418, 424-25, 93 S. Ct. 602, 606 (1973).

Wylie's complaint fails to specify what federal right was denied him, or how any alleged act was committed under color of state law.  Thus, the claim against President Clinton, the National Democratic Party and state Democratic Party and Bank of America must fail.  He does not allege that any of them are "state actors" or that they acted jointly with state or local officials in carrying out some act or policy under color of state law.  Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1456 n. 3 (10th Cir. 1995).  In the absence of the twofold essential elements for a Section 1983 claim, Wylie has failed to state any valid basis for federal court jurisdiction.

## Rule 12(b)(6)

Beyond the pleading defects in failing to identify a basis for federal jurisdiction, Wylie simply states no facts in his complaint which constitute a cause of action against any of the Defendants.  Fed. R. Civ. P. 12(b)(6).  While Wylie asserts a "loss access of my money to pay bills" (¶ C. 1)); and that "today B of Amer. [sic] would not get cash may [sic] check and leave me enough money for coffee or meal."  These allegations simply fail to describe actionable conduct.  While

4

under 12(b)(6), the Court is required to accept as true any well-pled allegation, the allegations of Wylie's complaint are neither "well-pled" nor do they state any actionable claim. For example, Wylies fails to demonstrate how the bank's alleged failure to cash his check constitutes a violation any constitutional, federal, statutory or state common-law right.  Further, there are simply no allegations against either the National Democratic Party of the State Democratic Party that rise to the level of any discernable cause of action.

The Court finds that Wylie's complaint fails to state a cause of action under 12(b)(6); that Wylie has failed to properly invoke the federal court's jurisdiction; and, therefore, conclude that Wylie's complaint is deemed frivolous under 28 U.S.C. ¶ 1915 and will be dismissed.

In dismissing a claim pursuant to 12(b)(6), leave is generally granted to allow a party to cure pleading defects so as to state a viable cause of action.  Wylie is admonished, however, that if he chooses to file another complaint in federal court so as to cure the pleading defects, he must comply with the pleading requirements of Fed. R. Civ. P. 8 and the investigative and pleading restrictions of Fed. R. Civ. P. 11.

Accordingly, this action is dismissed without prejudice, and Wylie is given leave to file another action with proper allegations of federal court jurisdiction, if available, and to state, if his factual investigation supports, any valid substantive claim.

UNITED STATES DISTRICT JUDGE

5